## SUPREME COURT.

ROBERT W. PUSSER agt. FRANZ O. MATTHIESSON.

*Pleadings — Plea in abatement setting forth non-joinder of parties need not state that they are living and within the jurisdiction of the court.*

Under the Code a plea in abatement setting forth a non-joinder of parties defendant, and giving the names of such parties, need not state that they are living and within the jurisdiction of the court.

*Second Department, General Term, April,* 1882.

*A. C. Auberry,* for plaintiff.

*Abbett & Fuller,* for defendant.

DYKMAN, *J.* — This is an action against stockholders of a manufacturing corporation for the recovery of the amount due on a judgment obtained against the company by the plaintiff for labor and services.

Among other defenses set up in the answer the defendants interposed a plea in abatement in the following language: And for a further defense defendants allege that they are advised and verily believe that there is a defect of parties defendant herein, in that the plaintiff has failed to join as defendants the following stockholders of said S. O. Rockwell Manufacturing Company, to wit: Samuel O. Rockwell and John Balmore.

Pusser agt. Matthiesson.

The plaintiff put in a demurrer against this defense on the ground that it was insufficient in law on its face, and had judgment in his favor.

The specific objection seems to be that the allegation is on belief, and does not state that the parties omitted are living and within the jurisdiction of the court.

We are now working under a system of pleading and practice which requires courts to disregard errors and defects in pleadings or other proceedings which do not affect the substantial rights of the adverse party in every stage of the action, and here we have a pleading which states in plain language that there is a defect of parties defendant in this action, and that the plaintiff has failed to join as defendants two persons, who are stockholders in the company, and whose names are given. Under this plea, the court on the trial would admit testimony to prove the facts set up, and that is a fair test of the sufficiency. It would be idle for the plaintiffs to claim that they are misled or that their substantial rights are affected by the omission to state that these persons named are alive and within the jurisdiction of the court. If they are stockholders and ought to be parties to this action they are alive, and it is quite immaterial where they are. They can certainly be brought under the jurisdiction of the court by some of the modes of service provided by the present system. We have long since cut adrift from technical rules of pleading, and it is hardly worth while to return now.

The judgment should be reversed, with costs, and the plaintiff permitted to reply in twenty days on payment of twenty dollars costs.